UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DANNY R. HUGHES,            )
                            )
        Petitioner,         )
                            )
    vs.                     )   Case No. 11-1131-CV-W-BCW-P
                            )
STATE OF MISSOURI, et al.,  )
                            )
        Respondents.        )

**O R D E R**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in the Circuit Court of Buchanan County, Missouri, for felony resisting arrest. He pled guilty to that crime.

Respondents have moved to dismiss this case on the ground that petitioner filed his petition in an untimely manner. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

Under Missouri law, "[a] judgment in a criminal case . . . becomes final for purposes of appeal when sentence is entered, and an appeal must be filed within ten days thereafter." *State v. Harris*, 863 S.W.2d 699, 700 (Mo.App. 1993) (citations omitted). Petitioner was sentenced on May 2, 2007, Respondents' Exhibit A, p. 10 (judgment form), and he did not file an appeal. Therefore, for the purpose of the one-year period of limitation set out in § 2244(d)(1), the judgment against petitioner became final ten days after he was sentenced, on May 12, 2007.

"The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on October 11, 2007. *Id*. at 37 (*pro se* motion). Petitioner's post-conviction litigation was pending until May 5, 2010, when the Missouri Court of Appeals issued its mandate, affirming the denial of post-conviction relief. Respondents' Exhibit F (mandate).

Applying the law and facts set out above, the one-year period of limitation began to run on May 12, 2007, stopped running on October 11, 2007, and began to run again on May 5, 2010, making petitioner's deadline for filing this case December 4, 2010. Petitioner signed his petition on November 1, 2011, Doc. No. 1, p. 13, nearly eleven months past the deadline.

Finally, the period of limitation involved in this case may be subject to equitable tolling. "However, equitable tolling [provides] an exceedingly narrow window of relief: Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the [government] has lulled [the prisoner] into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (citations omitted). In his reply, petitioner suggests that he is entitled to equitable tolling: "On November 24, 2010 the United States Government ordered a presentence report to be done in Case # 09-00121-10-CR-W-DGK and in this report it states that I entered into a plea of guilty to . . . resisting arrest[] by ramming a Sheriff deputy's car with my own . . . ." Doc. No. 22, pp. 2-3. Petitioner states that ramming a police car was not the factual basis for his guilty plea. *Id*. Assuming the correctness of petitioner's statement, he has failed to show that he was lulled into inaction by the government, or that circumstances beyond his control prevented him from

2

discovering the information he now seeks to challenge, or that the "exceedingly narrow window of relief" described in *Jihad* should apply in his case. *See id.*

Accordingly, for the reasons explained above, it is **ORDERED** that this case is dismissed for lack of jurisdiction.

/s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  October 25, 2012 .